■ In the Matter of JAMES J., a Person Alleged to be a Juvenile Delinquent, Appellant. [644 NYS2d 171]

The Family Court properly denied respondent's motion to suppress statements and physical evidence. Under Family Court Act § 718, the officers were authorized to stop and question respondent in view of his youthful appearance, seeming confusion about where he was headed, and presence alone in the Port Authority Bus Terminal, a location that has been described as the " 'national center for runaway children' " and "notorious for its high incidence of criminal activity by armed juvenile runaways" (*Matter of Mark Anthony G.,* 169 AD2d 89, 92). Certainly, when the officers in short order ascertained that respondent had initially lied about being with his mother and that he had no identification, they had more than ample reason to believe that he was a runaway. Respondent does not argue otherwise, but maintains that, in the absence of *Miranda* warnings, the officers had no right to question him further about his possession of any weapons after he answered their initial question with a "No, but", and that his subsequent incriminatory statements, and the physical evidence recovered as a result of those statements, should therefore be suppressed. We disagree. The follow-up question appropriately sought to clarify what was an equivocal first response, in furtherance of the officers' unquestioned authority to secure the safety of all concerned before bringing respondent to the nearest certified runaway facility (*see, supra,* at 92-93), and was not intended to elicit an incriminatory statement (*see, People v Huffman,* 41 NY2d 29). Concur—Rosenberger, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.