■ In the Matter of MICHAEL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [650 NYS2d 6] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered June 13, 1994, which adjudicated respondent a juvenile delinquent upon his admission that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree, and placed him on probation for 12 months, unanimously affirmed, without costs.

Respondent's detention was authorized under Family Court Act § 718, the "runaway statute". The detectives' observations of respondent, who appeared to be about 15 years old and unaccompanied by an adult, at the Port Authority Bus Terminal,

an area known as a gathering place for runaways, at 10:30 P.M., on a school night, justified their asking respondent his name, and about his destination, purpose and traveling companion. Respondent's evasive answers then provided the detectives with probable cause to believe that respondent was a runaway, and to detain him (see, Matter of Terrence G., 109 AD2d 440, 444). Such detention was a full custodial arrest, justifying the detectives' pat-down search that resulted in the discovery of drugs (supra, at 445-448; Matter of Mark Anthony G., 169 AD2d 89, 93). There is no merit to respondent's claim that the detectives were not justified in asking him before the pat down and without giving him Miranda warnings, if he had any weapons or drugs on him, and that his response, that he had "some weed", should have been suppressed. Clearly, the detectives' questions were asked in furtherance of their authority to secure the safety of all concerned before bringing respondent to the nearest certified runaway facility, and were not intended to elicit an incriminating statement (see, Matter of James J., 228 AD2d 167). Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.