◼ In the Matter of JAMEL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [667 NYS2d 732] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered on or about February 27, 1997, which adjudicated ap-

pellant a juvenile delinquent, upon his admission that he committed acts which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fifth degree, and placed him with the Division for Youth for 18 months, unanimously affirmed, without costs.

Appellant's suppression motion was properly denied. Appellant's detention was authorized under Family Court Act § 718, the "runaway statute". The record supports a finding of probable cause to believe appellant was a runaway and establishes that this issue was sufficiently litigated before the hearing court. Appellant's detention pursuant to that statute was, as a matter of law, a "full custodial arrest, justifying the [officer's] pat-down search" as incident to his lawful arrest (*Matter of Michael J.*, 233 AD2d 198, 199; *see also, Matter of Mark Anthony G.*, 169 AD2d 89, 93). Since the officer reasonably believed the brown paper bag he removed from appellant's pants pocket contained sharp objects capable of use as weapons, the officer was justified in searching the bag without a warrant since, *inter alia*, appellant was not restrained and the bag remained in his "grabbable area" (*compare, Matter of Marrhonda G.*, 81 NY2d 942, 945, *with People v Wylie*, 244 AD2d 247). We see no reason to disturb the hearing court's implicit determinations of credibility (*see, People v Prochilo*, 41 NY2d 759, 761). Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.