■ In the Matter of SHARON T., a Person Alleged to be a Juvenile Delinquent, Appellant. [669 NYS2d 535] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered on or about October 2, 1996, adjudicating appellant a juvenile delinquent and placing her with the Division for Youth for 1 year upon a fact-finding determination that she had committed acts which, if committed by an adult, would constitute criminal possession of a controlled substance in the seventh degree and criminally possessing a hypodermic needle, unanimously affirmed, without costs.

Appellant's suppression motion was properly denied. A review of the record supports the determination of the hearing court that once properly detained in the Youth Services office in the Port Authority Bus Terminal, appellant consented to the search of her knapsack. In this regard, we note that " '[i]n reviewing the suppression court's rulings * * * where different inferences may be drawn from the proof, the choice of inferences rests with the trier of fact and should not be rejected by an appellate court unless unsupported as a matter of law.' " (*Matter of Robert S.*, 159 AD2d 358, 359, *appeal dismissed* 76 NY2d 770.) Furthermore, in view of the fact that appellant accompanied the first officer to the Youth Services office without protest, that she was questioned by only one officer there, and that the officer searched appellant's knapsack for identification

at appellant's own urging, we conclude that the presentment agency met its heavy burden of establishing consent (*People v Gonzalez*, 39 NY2d 122, 128; *People v Zimmerman*, 101 AD2d 294). In any event, appellant's detention pursuant to Family Court Act § 718 was, as a matter of law, a full custodial arrest, which justified the officer's search of appellant's knapsack as incident to her lawful arrest (*Matter of Jamel J.*, 246 AD2d 388; *Matter of Michael J.*, 233 AD2d 198; *Matter of Mark Anthony G.*, 169 AD2d 89, 93). Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.