■ In the Matter of GISELLE F., a Person Alleged to be a Juvenile Delinquent, Appellant. [707 NYS2d 103] —Order of disposi-

tion, Family Court, New York County (Mary Bednar, J.), entered on or about April 12, 1999, which adjudicated appellant a juvenile delinquent, upon her admission that she committed an act which, if committed by an adult, would constitute criminal possession of a controlled substance in the fifth degree, and placed her on probation for 12 months, unanimously affirmed, without costs.

Appellant's suppression motion was properly denied. Her detention was authorized under Family Court Act § 718, the "runaway statute." The officer's late-night observation of appellant, who appeared to be about 13 or 14 years old, in the company of, and trying to conceal herself behind, a substantially older man whose appearance and odor indicated marihuana use justified the initial inquiry about her age, possession of any identification and movements that night (*see, Matter of Michael J.*, 233 AD2d 198). In light of appellant's inability to produce identification or recall where she had been recently, her lack of familiarity with the area, her odor of marihuana coupled with the "boyfriend" 's admission that the two had been smoking marihuana together, and the officer's skepticism about the boyfriend's statement that he was living at appellant's parents' home, the officer had probable cause to believe that she was a runaway and thus to detain her (*see, Matter of Terrence G.*, 109 AD2d 440, 444). In determining whether or not a child should be detained as a runaway, an officer is not required to employ a fixed litany of questions or checklist of factors (*Matter of Mark Anthony G.*, 169 AD2d 89, 91-92). Appellant's spontaneous, volunteered admission that she had purchased cocaine that day and her reaching for her jacket pocket provided probable cause for the search of the pocket and seizure of the bag of cocaine (*Matter of Anthony S.*, 181 AD2d 682, *lv denied* 80 NY2d 753). We have considered and rejected appellant's remaining contentions. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.