■ COSTOS MINIOTIS, Appellant, v. DUGAN BROS., A DIVISION OF NORAMCO, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated June 20, 1973, as, upon renewal and reargument of his prior motion to vacate a dismissal of the complaint for lack of prosecution, for leave to demand a jury trial and to restore the action to the Trial Calendar, adhered to the original determination denying said prior motion. Order reversed insofar as appealed from, without costs, and plaintiff's original motion granted, without costs. Plaintiff alleges that he was seriously injured when defendant's truck backed into him as he was crossing a street in Queens on January 18, 1966. The action was commenced on or about May 17, 1966 and issue was joined on June 1, 1966. Plaintiff's attorney of record at that time was one Eugene A. Falk. On March 3. 1972 defendant served plaintiff with a 45-day notice pursuant to CPLR 3216. Plaintiff's attorney failed to timely file a note of issue and on May 26. 1972, after the expiration of the 45-day time period, defendant moved to dismiss the complaint for lack of

prosecution. Thereupon, Mr. Falk mailed a note of issue to defendant's attorneys and opposed the motion to dismiss, claiming that he had "moved his office and the within file was misplaced". By order dated June 29, 1972, Special Term denied the motion to dismiss, in light of the fact that the note of issue had been served. This court reversed that order and dismissed the complaint, noting that the claim of plaintiff's attorney that he had misplaced his file was inadequate to excuse the otherwise unexplained 71-month delay and that that, combined with the failure to submit an affidavit of merits, entitled defendant to a dismissal (*Miniotis* v. *Dugan Bros., Div. of Noramco*, 40 A D 2d 982). Because plaintiff's new attorney on the appeal attempted to raise certain facts which were not properly a part of the record, we noted that our reversal was without prejudice to a motion to vacate the dismissal of the complaint properly presenting these new facts. Plaintiff then made the above-mentioned motion, *inter alia*, to vacate the dismissal. It appears undenied that the parties were involved in settlement negotiations and plaintiff claims that in November, 1971 Falk advised him that the case was settled for $25,000 and that he, plaintiff, then executed a general release. The supposed settlement funds were not forthcoming and in April, 1972 plaintiff engaged an attorney named Irving Chapnick, Esq., to investigate the file and to expedite, through Falk, the payment of the alleged settlement. At the same time plaintiff registered a grievance about Falk with the Association of the Bar of the City of New York. Plaintiff alleges that he spoke with a staff member of the association's grievance committee, who had conducted an inquiry and had found that the case had not been settled but that defendant's insurance carrier had made a smaller offer than Falk had claimed. It further appears undenied from the papers that defendant's counsel knew of the grievance committee's investigation into plaintiff's troubles with Falk, but that it chose at that time to serve the 45-day notice and to make the subsequent motion to dismiss. It is, however, undisputed that throughout this time plaintiff did not substitute attorneys and that Falk was still his attorney of record. In our opinion, the undenied allegation that the parties were engaged in settlement negotiations as late as November, 1971 provides a substantial explanation for the delay in prosecution. The default in complying with the 45-day notice was clearly attributable to Falk, plaintiff's attorney of record. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.