■ WILLIAM SPIEGEL et al., Respondents, v BOOTH MEMORIAL HOSPITAL et al., Defendants, and BORIS KRYNSKI et al., Appellants.—In a medical malpractice action, defendants Krynski, Pisillo, Fenig, Miller and Forman appeal from (1) an order of the Supreme Court, Queens County, dated June 29, 1977, which granted their motion to dismiss the complaint only if the plaintiff failed to put the case on the calendar and file a statement of readiness within 10 days after service of a copy of the order, and (2) so much of a further order of the same court, dated October 27, 1977, as denied their cross motion for summary judgment, with leave to renew following a determination of the appeal from the first order. Order dated June 29, 1977 modified, on the law, by deleting therefrom all language after the word "granted". As so modified, order affirmed. Appeal from the order dated October 27, 1977 dismissed as academic, in light of the disposition made on

the appeal from the order dated June 29, 1977. Appellants are awarded one bill of $50 costs and disbursements. This action, predicated upon the treatment of plaintiff William Spiegel on October 11, 1970, has been characterized by numerous unwarranted delays on behalf of plaintiffs. A summons was not served until October, 1973 and thereafter demands for a complaint were ignored. Motions to dismiss were denied and the only defendant to appeal from the denial prevailed (see *Spiegel v Booth Mem. Hosp.*, 48 AD2d 886). An answer was served in September, 1974, but a demand for a bill of particulars was ignored. This led to appellants obtaining a conditional order of preclusion in January, 1975, and not until September, 1977 did plaintiffs seek to vacate that order. As early as July, 1976 plaintiffs became aware that appellants would seek a dismissal pursuant to CPLR 3216 when they served a 45-day notice by ordinary mail. A motion pursuant to CPLR 3216, made in October, 1976, was denied because service of the 45-day notice had been defective. Proper service of a notice was subsequently made and in February, 1977 appellants made the instant motion to dismiss. Plaintiffs' opposition papers do not contain an adequate affidavit of merits and offer no viable excuse for the delays. Accordingly, the motion to dismiss the action should have been granted. *Miniotis v Dugan Bros.* (44 AD2d 708) is distinguishable because in this case any negotiations that took place were in no way causally related to the inexcusable neglect of this matter. Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.