■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. BROOKS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the third degree (see, Penal Law § 140.20) and petit larceny (see, Penal Law § 155.25) after a jury trial. He was adjudged a persistent felony offender (see, CPL 400.20 [1]; Penal Law § 70.10 [1]) and sentenced to concurrent terms of 25 years to life on the burglary conviction and one year on the petit larceny conviction.

Defendant waived his claim that the prosecutor erroneously failed to give limiting instructions to the Grand Jury concern-

ing evidence of defendant's prior convictions by his failure to move to dismiss the indictment on that ground (see, CPL 210.20, 210.35; People v Key, 45 NY2d 111, 116). Moreover, the Grand Jury minutes are not before us because they are not part of the stipulated record on appeal.

Defendant failed to preserve for our review his claim that he was denied a fair trial by prosecutorial misconduct on summation and on his cross-examination (CPL 470.05 [2]) and we decline to reach the issue in the interest of justice (CPL 470.15 [6]).

The prosecutor made the transcripts of the witnesses' Grand Jury testimony available to defendant in a timely fashion. They were delivered to defense counsel before the prosecutor's opening statement (see, CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286, cert denied 368 US 866).

The prosecutor's cross-examination of defendant about his use of alcohol and drugs on the night of the alleged burglary was proper. Defendant testified on direct examination that he had consumed alcohol, codeine and muscle relaxants which caused him to be unaware that his companion was committing a burglary.

Defendant failed to preserve for our review his claim that the court's charge was erroneous and confusing by failing to object or take an exception to those portions which he now finds objectionable (see, CPL 470.05 [2]). We decline to review this issue in the interest of justice (see, CPL 470.15 [6]).

The trial court did not abuse its discretion in adjudging defendant to be a persistent felony offender (see, CPL 400.20 [1]; Penal Law § 70.10). Finally, the sentence imposed was not harsh and excessive (see, People v Farrar, 52 NY2d 302). (Appeal from judgment of Cayuga County Court, Contiguglia, J.—burglary, third degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.