■ CARL R. BERNER, Appellant, v MCV PRODUCTS, INC., Also Known as AMCV, Respondent.—Order unanimously reversed in the exercise of discretion without costs, motion granted and complaint reinstated. Memorandum: The court erred in granting reargument of defendant's motion to dismiss for failure to prosecute and in adhering to its prior order granting that motion. Plaintiff's alternative motion to vacate the prior order based on excusable default (CPLR 5015) was the procedurally proper vehicle, rather than a motion to reargue, and we grant that motion in the exercise of our discretion. We find that plaintiff met his burden of showing a sufficient excuse for the default in opposing the motion to dismiss for failure to prosecute, a justifiable excuse for the default in filing a note of issue pursuant to defendant's 90-day demand, and a meritorious cause of action (CPLR 3216 [e]; 5015 [a] [1]; *see, e.g., Miniotis v Dugan Bros.,* 44 AD2d 708; *see also, Siragusa v Teal's Express,* 96 AD2d 749). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Dismiss Action.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. POOLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that Penal Law § 240.20 (3) is unconstitutional and thus his conviction for disorderly conduct should be dismissed. Where, as here, defendant failed to raise the constitutional challenge to the statute in the trial court, the issue is not properly before this Court for appellate review *(People v Ruz,* 70 NY2d 942; *Matter of McGee v Korman,* 70 NY2d 225, 231; *Melahn v Hearn,* 60 NY2d 944, 945). By failing to object or take an exception to the charge as given, defendant failed to preserve for our review his claim that the court's charge to the jury on disorderly conduct was erroneous and overbroad (CPL 470.05 [2]; *see, People v Brooks,* 163 AD2d 864). Were we to reach that issue in the interest of justice, we would find that claim to be without merit. Also without merit is defendant's claim that the evidence was insufficient to establish that the incident occurred in "a public place". (Appeal from Judgment of Wayne County Court, Strobridge, J.—Disorderly Conduct.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.