■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. [656 NYS2d 202] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered July 8, 1993, convicting defendant, after a jury trial, of robbery in the first degree, two counts of robbery in the second degree, and assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years, 7 to 14 years, 7 to 14 years, and 3 to 6 years, respectively, unanimously affirmed.

Defendant's suppression motions were properly denied. The gunpoint stop was based upon reasonable suspicion that defendant had, minutes earlier, committed a robbery. The victim's description was sufficiently specific, given that defendant and his companion were leaving the scene of the early morning robbery in the direction of flight reported by the victim (*see, People v Chestnut*, 51 NY2d 14, 20-21, *cert denied* 449 US 1018). Moreover, defendant's discard of a knife that he carried in his pocket constituted a voluntary abandonment involving a calculated risk, in no way prompted by any unlawful police conduct, and thus the abandoned knife was not subject to Fourth Amendment protections (*People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969).

The record supports the suppression court's findings that the prompt, on the scene showup was not unduly suggestive (*People v Duuvon*, 77 NY2d 541), and that, while the police may have had probable cause to arrest defendant for possession of a knife, the showup procedure served the legitimate goal of assuring that the proper individual was arrested in connection with the reported robbery (*see, People v Torres*, 169 AD2d 584, *lv denied* 77 NY2d 911).

The trial court appropriately exercised its discretion in denying defendant's alternative motions for a mistrial, preclusion of the knife recovered, or a continuance for the purpose of obtaining an independent serology report in connection with the knife, and in ruling that preclusion of the report in question was an appropriate sanction for the People's late delivery thereof (*People v Kelly*, 62 NY2d 516, 521). Defendant's concern that the report in question would connect defendant with the crime was obviated by preclusion of the report.

There was ample evidence that the victim suffered "physical

injury." (Penal Law § 10.00 [9].) Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.