■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY HILL, Appellant. [755 NYS2d 169] —Appeal from a judg-

ment of Onondaga County Court (Fahey, J.), entered August 24, 1999, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the sentence on the conviction of false personation from one year to three months and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [former (3)]), resisting arrest (§ 205.30) and false personation (§ 190.23). We reject the contention of defendant that County Court erred in denying his suppression motion. The testimony at the suppression hearing establishes that the police officers had an objective, credible reason for initially approaching defendant and requesting information from him (*see People v Reyes,* 83 NY2d 945, 946, *cert denied* 513 US 991; *see generally People v Hollman,* 79 NY2d 181, 190-193; *People v De Bour,* 40 NY2d 210, 213). Defendant and two other suspects were observed suspiciously loitering together in an area known for illegal drug activity, and the officers observed drug paraphernalia on the ground at the feet of two of the suspects. The officers thus were entitled to ask defendant his identity and other pedigree information, as well as his business at that location (*see People v Valerio,* 274 AD2d 950, 951, *affd* 95 NY2d 924, *cert denied* 532 US 981; *People v Ocasio,* 85 NY2d 982, 985; *Hollman,* 79 NY2d at 190-191). As a result of their initial observations at the scene, in combination with the nervous demeanor of defendant, his furtive movements, his inability to produce identification documents, and his apparent attempts to conceal his identity, the officers had a "founded suspicion that criminal activity [was] afoot," thus entitling them to interfere with defendant to the extent necessary to gain explanatory information, but short of a forcible seizure (*De Bour,* 40 NY2d at 223; *see Hollman,* 79 NY2d at 191-193; *Matter of James R.,* 76 NY2d 825, 826). Further, upon acquiring information from the police dispatcher establishing that defendant had falsely identified himself, the officers had at a minimum a reasonable suspicion of criminal activity (*see People v Battaglia,* 86 NY2d 755, 756; *People v Dewitt,* 295 AD2d 937, 938, *lv denied* 98 NY2d 709, 767). The forcible stop and temporary detention of defendant for further questioning and investigation necessary to ascertain his identity were therefore permissible (*see People v Roque,* 99 NY2d 50, 54; *People v Gonzalez,* 91 NY2d 909, 910; *see generally People v Hicks,* 68 NY2d 234, 238-242).

The evidence is legally sufficient to establish that the arresting officer sustained a physical injury within the meaning of Penal Law § 10.00 (9), thus supporting the assault conviction (*see People v La Duca,* 292 AD2d 851, 851-852, *lv denied* 98 NY2d 652; *People v Lucas,* 291 AD2d 890, 891; *People v Carter,* 280 AD2d 977, *lv denied* 96 NY2d 860; *see generally People v Bleakley,* 69 NY2d 490, 495). Defendant was not deprived of effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712; *People v Baldi,* 54 NY2d 137, 147; *People v Madonia,* 299 AD2d 876).

Although we reject defendant's contention that the sentence is unduly harsh or severe, we note that the court erroneously sentenced defendant to one year in jail on the conviction of false personation. Because the maximum sentence that may be imposed for that class B misdemeanor (*see* Penal Law § 190.23) is a definite term of three months (*see* § 70.15 [2]), we modify the judgment by reducing the sentence on the conviction of false personation from one year to three months (*see People v McLeod,* 286 AD2d 959, 960, *lv denied* 97 NY2d 758; *People v Coleman,* 278 AD2d 891, *lv denied* 96 NY2d 798). Present— Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.