THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN K. ROCKER, Appellant. [773 NYS2d 318]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 30, 2001. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, criminal possession of a weapon in the second degree,

criminal possession of a weapon in the third degree, and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]). Defendant fired a weapon at the door of his apartment while the police, who identified themselves as such, attempted to gain entry using a battering ram. Defendant contends that he was deprived of a fair trial because County Court failed to instruct the jury on the justification defense as it relates to the defense of a premises during a burglary (*see* § 35.20 [3]) but, rather, instructed the jury only with respect to the justification defense as it relates to the defense of defendant himself (*see* § 35.15 [2] [a]). We conclude that defendant waived that contention, inasmuch as the court charged the jury in accordance with defendant's request to charge the justification defense as it related to defendant, but not as it related to the premises (*see generally People v Matta*, 286 AD2d 944, 945 [2001], *lv denied* 97 NY2d 731 [2002]).

By failing to specify the basis for his motion to dismiss the indictment at the close of the People's case, defendant failed to preserve for our review his further contention that the conviction is based upon legally insufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]), and defendant's motion to set aside the verdict pursuant to CPL 330.30 is not sufficient to preserve that contention for our review (*see People v Padro*, 75 NY2d 820 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]). In any event, that contention also lacks merit. "[I]nferences of guilt [may] be rationally drawn from proven facts" (*People v Taylor*, 94 NY2d 910, 911 [2000]). Here, the People established that the police identified themselves while trying to gain access to defendant's apartment to execute a search warrant and, while the police were using the battering ram, defendant fired a weapon, striking the door at a point over $5\frac{1}{2}$ feet from the floor. Thus, contrary to the contention of defendant, the evidence is legally sufficient to establish that he intended to cause the death of another person and that he knew or reasonably should have known that such person was a police officer engaged in the course of performing his official duties (*see* Penal Law § 125.27 [1] [a] [i]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.