◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR ISIDRO, Also Known as ISIDRO ROCHES, Also Known as ISIDRO ROCHEZ, Appellant. [776 NYS2d 669]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered November 29, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), attempted robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the third degree and false personation.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (two counts) (Penal Law § 160.15 [2], [4]) and false personation (§ 190.23). Contrary to the contention of defendant, Supreme Court properly denied his suppression motion (*see People v Hill*, 302 AD2d 958 [2003], *lv denied* 100 NY2d 539 [2003]). The testimony at the suppression hearing establishes that defendant engaged in furtive behavior while standing in the snow at the end of the trail of footsteps that the police had been following from the crime scene and along which the weapon used in the robbery had been found. That behavior gave the police "a founded suspicion that criminal activity [was] afoot" (*People v De Bour*, 40 NY2d 210, 223 [1976]), thus justifying in the first instance a detention short of a forcible seizure to obtain explan-

atory information from defendant (see *Hill*, 302 AD2d at 959). Upon confirming that defendant had falsely identified himself to them, the police had not only probable cause to support an arrest for false personation but also reasonable suspicion to believe that defendant was involved in the robbery, thus justifying his continued forcible detention (see *id.*). The probable cause supporting the arrest for false personation was not diminished by the fact that the robbery victims were unable to identify defendant at the ensuing showup, and thus the police were justified in transporting defendant to the police station for booking on that charge. Defendant discarded a gun magazine from his pocket as he was being escorted to booking and thereby engaged in an independent act that involved a calculated risk "in no way prompted by any unlawful police conduct" (*People v Jones*, 238 AD2d 153, 153 [1997], *lv denied* 90 NY2d 906 [1997]; *see People v Boodle*, 47 NY2d 398, 402 [1979], *cert denied* 444 US 969 [1979]). Upon recovering the gun magazine, the police had probable cause to arrest defendant for the robbery, thus justifying their seizure of his jacket and the money in the jacket pocket.

We reject defendant's further contention that the verdict is against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Goree*, 309 AD2d 1204 [2003]; *People v Bateman*, 241 AD2d 770, 771-772 [1997], *lv denied* 91 NY2d 869 [1997]). Defendant's additional contention that Penal Law § 190.23 is unconstitutional is raised for the first time on appeal and thus is not preserved for our review (see *People v Iannelli*, 69 NY2d 684 [1986], *cert denied* 482 US 914 [1987]; *People v Poole*, 171 AD2d 1041 [1991], *lv denied* 78 NY2d 972 [1991]; *cf. Matter of Travis S.*, 96 NY2d 818 [2001]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.