(December 23, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALAUDEEN A. ROOTS, Also Known as SALAUDEEN TAYLOR, Appellant. [788 NYS2d 186]—

Mercure, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 5, 2001, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree (three counts).

Defendant was charged in an indictment with three counts of criminal possession of a weapon in the third degree in connection with a January 2000 incident in which police observed him fighting with another man in the middle of a public street. When police approached the scene, the other man fled. After the officers asked defendant what had happened, he hid his right hand in the sleeve of his jacket and stated that the altercation was over. One of the officers then asked defendant to remove his hand from his jacket and defendant refused. The officer grabbed

defendant's hand, causing a loaded gun to fall from the jacket. Defendant was arrested and a search revealed a knife, marihuana, and $1,960 in cash. Following a suppression hearing, defendant pleaded guilty to the charges in the indictment, as well as to a charge of criminal possession of a controlled substance in the fourth degree arising out of an unrelated transaction. He was sentenced to an aggregate prison term of 4 to 12 years. Defendant appeals and we now affirm.

Defendant argues that the officers lacked reasonable suspicion justifying their conduct and the recovered weapon should have been suppressed. It is well settled that a forcible stop or "seizure of a suspect by police must be justified by reasonable suspicion that a crime has been, is being or is about to be committed" (*People v Roque*, 99 NY2d 50, 54 [2002]). Reasonable suspicion is defined as the " 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe [that] criminal activity is at hand' " (*People v Martinez*, 80 NY2d 444, 448 [1992], quoting *People v Cantor*, 36 NY2d 106, 112-113 [1975]). Here, the officers observed defendant involved in a late-night altercation, in the middle of a public street and in an area known for both violence and drug activity. These observations, coupled with the officers' knowledge of defendant's previous illegal activity and his attempt to conceal an object in his sleeve when they approached gave rise to a reasonable suspicion that defendant was engaged in criminal activity (*see People v Roque, supra* at 54; *People v Nichols*, 277 AD2d 715, 717 [2000]; *cf. People v Stevenson*, 273 AD2d 826, 827 [2000]). Accordingly, County Court properly denied defendant's motion to suppress.

We have considered defendant's remaining arguments and conclude that they are without merit.

Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.