THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO WILLIAMS, Also Known as BRAZIL, Also Known as ZIL, Appellant. [794 NYS2d 197]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 5, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second

degree (§ 265.03 [2]), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject the contention of defendant that police officers did not have probable cause to arrest him. The information available to the police was sufficient to provide the police with reasonable suspicion that defendant had committed a felony and thus justified the forcible stop of the minivan in which he was riding (*see People v Roque*, 99 NY2d 50, 54 [2002]; *People v Hollman*, 79 NY2d 181, 185 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Hill*, 302 AD2d 958, 959 [2003], *lv denied* 100 NY2d 539 [2003]). The police officers' subsequent observation of a handgun in plain view on the seat of the minivan provided probable cause to arrest defendant (*see* Penal Law § 265.15 [3]). Defendant's contention that the police coerced certain testimony to obtain information to justify the arrest is without support in the record.

We reject the further contention of defendant that Penal Law § 70.25 (2) requires concurrent sentences on the convictions for criminal possession of a weapon in the second degree and murder in the second degree. The evidence establishes that the crime of criminal possession of a weapon in the second degree was complete at the time that defendant retrieved the loaded revolver in the apartment he was visiting and left with it, with the intent to use it unlawfully against the person who had called the police to complain about the volume of music coming from that apartment. Defendant then encountered the victim and an argument ensued. Although defendant was persuaded to walk away, he then formed the intent to kill the victim, turned around and walked toward the victim while firing at him. The imposition of consecutive sentences was therefore proper (*see People v Salcedo*, 92 NY2d 1019, 1021-1022 [1998]; *People v Rodriguez*, 276 AD2d 326, 327 [2000], *lv denied* 96 NY2d 738 [2001]).

The contention of defendant that County Court improperly denied his request that the jury be instructed on the lesser included offense of manslaughter in the first degree is without merit. The record establishes that he requested an instruction on the lesser included offense of manslaughter in the second degree only, and specifically asked the court not to instruct the jury regarding any other lesser included offenses. He thereby waived any challenge to the failure to give that instruction as, "[i]n the absence of such a request, the court's failure to submit such offense does not constitute error" (CPL 300.50 [2]; *see People v Emiliano*, 246 AD2d 553, 554 [1998], *lv denied* 91 NY2d 1007 [1998]; *see also People v Ramos*, 166 AD2d 468, 469 [1990], *lv denied* 78 NY2d 925 [1991]).

As defendant failed to renew the challenge to the sufficiency of the evidence after he presented evidence, his contention that the verdict is not supported by legally sufficient evidence is not preserved for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the evidence is sufficient to establish that defendant intended to cause the death of the victim. We further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.