■ The People of the State of New York, Respondent, v Richard F. Mills, Appellant. [813 NYS2d 592]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 16, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the third degree (two counts) and criminal possession of marihuana in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]). We reject the contention of defendant that County Court erred in failing to state on the record that he was competent to proceed to trial. Both psychiatrists who evaluated defendant concluded that he was competent to proceed and was able to assist in his own defense, and defendant did not move for a hearing (*see generally* CPL 730.30 [2]). The " 'law of this State is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon . . . if the court is

satisfied from the available information that there is no proper basis for questioning the defendant's sanity' " (*People v Morgan*, 87 NY2d 878, 880 [1995], quoting *People v Armlin*, 37 NY2d 167, 171 [1975]).

Defendant failed to renew his challenge to the legal sufficiency of the evidence after he presented evidence and thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Williams*, 17 AD3d 1043, 1045 [2005], *lv denied* 5 NY3d 811 [2005]), and his posttrial motion pursuant to CPL 330.30 is insufficient to preserve his present contention for our review (*see People v Padro*, 75 NY2d 820 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]; *People v Rocker*, 5 AD3d 1106, 1107 [2004]). In any event, defendant's contention lacks merit, as does defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe.

We have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and we conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.