■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD RODRIGUEZ, Appellant. [50 NYS3d 385]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered February 7, 2014, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 3½ years, unanimously affirmed.

Defendant and his nephew Joshua Flores were originally charged with criminal possession of marijuana in the second degree, four counts of criminal possession of a weapon in the second degree (two charging intent to use unlawfully, and two charging possession outside the defendant's home or place of business), and criminal possession of a weapon in the fourth degree, based on the presence of marijuana and firearms in an apartment when the police executed a search warrant there on August 10, 2010. At defendant's first trial, the court dismissed the two counts that charged defendant with possessing a weapon outside his home or place of business, and the jury found defendant guilty of criminal possession of a weapon in the fourth degree and possession of marijuana in the second degree. The jury deadlocked on the two remaining counts of criminal possession of a weapon in the second degree (intent to use unlawfully). While defendant's appeal of the conviction from the first trial was pending, he was retried before another justice and a jury and convicted of the two remaining counts.

In his appeal from the first conviction, defendant argued, inter alia, that the trial court's preclusion of several text message conversations retrieved from his nephew's cell phone denied him the right to present his defense that it was his co-defendant nephew who had a drug business and possessed the weapons in furtherance of the business. In unanimously affirming his conviction, we found that the prosecution had proven defendant's knowing constructive possession of the

contraband (110 AD3d 456, 457 [1st Dept 2013], *lv denied* 23 NY3d 1066 [2014]). Although we agreed with defendant that a number of the text messages were nonhearsay and were admissible, we held that their preclusion was harmless error, because the two messages that were admitted were "similar" to the others, and the additional messages would not have affected the verdict (110 AD3d at 458). We held that the error "did not rise to the level of depriving defendant of his right to present a defense" (*id.*).

In this appeal, defendant contends that he was deprived of his federal and state due process rights to a fair trial and to present a defense (*see generally Chambers v Mississippi*, 410 US 284 [1973]). Here, the trial court denied him permission to present any of the many text messages to the jury. It also precluded introduction of a photograph from his nephew's cell phone showing the nephew holding one of the firearms at issue. Additionally, it did not allow the jury to hear of the nephew's guilty plea to attempted possession of one of the firearms. During a colloquy between the court and the parties' counsel, before the jury entered, the court was informed that the first trial court had allowed two text messages and the photograph to be presented to the jury. The judge indicated his disagreement with that earlier ruling, finding that none of this evidence was relevant to refuting the charges, nor was it exculpatory; at best, it showed that the nephew was involved in the drug business, but it did not show that defendant was not involved. Because this trial took place while the first appeal was still pending, neither the parties nor the second trial court had the benefit of our ruling that the text messages were nonhearsay.

In light of our decision in the earlier appeal, defendant now contends it was error for the trial court to preclude introduction of the text messages at the second trial. Defendant contends that the text messages, the photograph, and the nephew's admission, were critical to his defense that his nephew was running the marijuana operation, not he. He seeks reversal of his conviction on the basis that he was denied his right to present a defense, in violation of his due process rights to a fair trial.

Evidence purporting to show third-party culpability is reviewed "in accordance with ordinary evidentiary principles" requiring a defendant to establish that the probative value of the evidence outweighs the potential for undue prejudice, delay, or confusion (*see People v Powell*, 27 NY3d 523, 526 [2016]). A trial court has wide latitude to admit or preclude evidence af-

ter weighing its probative value against any danger of confusing the main issues, unfairly prejudicing the other side, or being cumulative (*People v Halter*, 19 NY3d 1046, 1051 [2012]; *People v Petty*, 7 NY3d 277, 286 [2006]). The court examines the "particular circumstances" of each case when making its rulings (*People v Aska*, 91 NY2d 979, 981 [1998]). It has the discretion to exclude relevant evidence upon finding it has insufficient probative value (*see People v Primo*, 96 NY2d 351, 355 [2001]). Evidence must be more than of "slight, remote or conjectural significance" (*id.* at 355-356 [internal quotation marks omitted]).

Evidence of third-party culpability will be excluded where it has slight probative value but has "strong potential" for undue prejudice, trial delay and jury confusion (*Primo*, 96 NY2d at 357). Upon a retrial, the evidentiary rulings of a court of coordinate jurisdiction are not binding on the court conducting the second trial (*see People v Nieves*, 67 NY2d 125, 136 [1986]).

At the second trial, the trial court's ruling was not based on a finding of whether the texts were hearsay, but rather on an evaluation of their relevance and probative value, an issue not addressed in defendant's earlier appeal. The court explicitly reasoned that the text messages and photograph only supported the claim that the nephew was a marijuana dealer, but did not exclude defendant from culpability. It reasonably found that none of the evidence was relevant. Evidence of "conjectural significance" has generally been held to be insufficiently probative to outweigh the risks of undue prejudice to the opposing party, confusing the issues or misleading the jury (*People v Primo*, 96 NY2d at 355 [internal quotation marks omitted]; *see also People v Boatwright*, 297 AD2d 603 [1st Dept 2002], *lv denied* 99 NY2d 533 [2002] [proper to exclude evidence that was irrevelant or collateral to the issues presented at trial]). In short, the evidentiary rulings did not constitute an improvident exercise of discretion (*see People v Davidson*, 121 AD3d 612, 613 [1st Dept 2014], *lv denied* 25 NY3d 988 [2015]).

The verdict was neither against the weight of the evidence nor based on legally insufficient evidence (*see People v Danielson*, 9 NY3d 342 [2007]). As in the earlier appeal, the evidence in this case was sufficient to support the inference that defendant had dominion and control of the apartment, and in particular over the specific room where the contraband was found (*see People v Roque*, 99 NY2d 50, 54 [2002]). Accordingly, the evidence of constructive possession was legally sufficient. The jury rationally found, beyond a reasonable doubt, and based on the evidence at trial, that defendant was in constructive possession of the two firearms.

We have considered defendant's other arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Feinman, Kapnick and Gesmer, JJ..