People v Aguilar (2022 NY Slip Op 04131)

People v Aguilar

2022 NY Slip Op 04131

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Ind. No. 2694/00 Appeal No. 16199 Case No. 2005-1253 

[*1]The People of the State of New York, Respondent,
v
Gonzalo Aguilar, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered March 25, 2002, as amended, July 27, 2012, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and assault in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The court properly granted the People's reverse-Batson application (see People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]). The record supports the court's finding that the race-neutral reasons provided by defense counsel for the peremptory challenge at issue were pretextual. We find no basis to disturb the court's finding of pretext, which is based primarily on the court's assessment of counsel's credibility and is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). The first reasons given by counsel amounted to a vague and meaningless dissatisfaction with the juror, and counsel's later reason was plainly an afterthought.
The court responded meaningfully to a note from the deliberating jury requesting "All Definitions discussed: Murder II, Manslaughter I, Depraved Murder II, etc." by rereading its instructions on the elements of the offenses submitted to the jury, without mentioning the defense of justification (see People v Almodovar, 62 NY2d 126, 131 [1984]). The jury did not ask for reinstruction on justification, which was not included in the elements of the crimes, or for "definitions" of anything but the crimes.
The court also providently exercised its discretion in declining to qualify a defense psychiatrist as an expert on the effects of ketamine, a drug that the victims and their companions had been using at the time of the incident. An expert witness "should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (Matott v Ward, 48 NY2d 455, 459 [1979]). The proposed expert had only limited clinical experience with a few patients who had taken ketamine, and had never conducted any research, written articles or given lectures or presentations on ketamine. The court appropriately determined that the doctor's readings and his treatment of patients who had taken a different drug did not qualify him as an expert on the effects of ketamine.
Likewise, the court providently exercised its discretion in precluding the testimony of two witnesses who had an altercation with an unidentified group of allegedly drunk and belligerent men earlier on the night of, and in the vicinity of, the incident at issue. The evidence did not establish that this group was the same group that included the victims, and the court providently excluded evidence of "conjectural significance" (see People v Rodriguez, 149 AD3d 464, 466 [1st Dept 2017], lv denied 29 NY3d 1085 [2017]). Even if they were the [*2]same men, defense counsel, who conceded that the proffered testimony was not relevant to defendant's justification defense, did not establish any other relevance for evidence of the group's behavior earlier that night.
Defendant did not preserve his constitutional arguments regarding the above-discussed evidentiary rulings (see People v Lane, 7 NY3d 888, 889 [2006]; see also Duncan v Henry, 513 US 364, 366 [1995]), or any objection, constitutional or otherwise, to the court's interested witness charge, and we decline to review any of these claims in the interest of justice. As an alternative holding, we find that the evidentiary rulings did not violate defendant's right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]), and that the interested witness charge was not constitutionally deficient (see People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]; see also Reagan v United States, 157 US 301, 305-311 [1895])
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022