■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS C. DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 19, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

After receiving a radio message apprising them of a possible robbery in progress by three or four black males armed with weapons at a designated location, the police proceeded to the scene with lights flashing and sirens blaring. Immediately upon their arrival, they observed a black male wearing an orange jogging suit fleeing the scene. A description of this individual had been part of the radioed communication. The officers also observed two other black males, including the defendant, standing at the designated location who matched the description of two other perpetrators. The information upon which the police were acting had been provided by an identified complainant who was present at the scene. One of the officers testified at the suppression hearing that a .38 caliber gun had been found at the scene lying in the street just outside the patrol car before any of the perpetrators were frisked. As a result of the frisk, an officer retrieved a fully loaded .22 caliber revolver from the defendant's waistband. It

can be said with a reasonable degree of certainty that these officers feared for their own safety as well as the safety of innocent bystanders. "Considering the totality of the circumstances, including the radio call and the information acquired by observation at the scene, there was an ample measure of reasonable suspicion necessary to justify the limited intrusion which produced the loaded revolver" *(People v Benjamin,* 51 NY2d 267, 271).

The defendant's claim that the hearing court erred in failing to compel the People to produce the complaining witness is without merit. There is no automatic rule requiring that a complainant must testify at a pretrial hearing *(see, People v Brown,* 111 AD2d 928, 929). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.