■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THADIUS ULMER, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Linakis, J.), all rendered August 27, 1985, convicting him of robbery in the first degree under indictment No. 6311/84, criminal possession of a weapon in the fourth degree under indictment No. 6366/84, and robbery in the first degree under indictment No. 1146/85, upon his pleas of guilty, and imposing sentences. The appeal from the judgments rendered on indictments Nos. 6311/84 and 6366/84 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant contends that the police lacked the requisite legal cause to initially detain him. He further asserts that the hearing court erred in denying his motion to suppress prospective identification testimony as the "fruits of the poisonous tree".

Testimony elicited at the suppression hearing established that the defendant, who had been in the midst of an argument with another individual on a public street, attracted the attention of the police because his appearance matched the description of a suspect who had committed a robbery earlier that day. In response to gestures by the police, the defendant voluntarily approached the officer's vehicle and leaned across the hood of the automobile. One of the officer's thereupon noticed a bulge in the defendant's jacket pocket which appeared to be a weapon. This observation prompted the officer to exit his vehicle and conduct a limited pat-down search of the pocket area. The search resulted in the retrieval of a handgun from the defendant's jacket pocket. He was consequently arrested and was thereafter identified by witnesses as the perpetrator of two separate and unrelated robberies.

Contrary to the defendant's contentions, we find that his initial detention was supported by reasonable suspicion founded upon articulable facts, that is, the officer's testimony that the defendant's physical appearance resembled a description of the suspect in a robbery that recently had been committed. Moreover, once the officer observed a bulge in the

defendant's pocket, he was clearly justified in conducting a limited pat-down search in the area of the bulge to ascertain whether the defendant was, in fact, armed with a weapon *(see, People v Spivey,* 46 NY2d 1014; *People v Rivera,* 14 NY2d 441; *People v Wright,* 100 AD2d 523). Probable cause to arrest the defendant existed upon the discovery of a firearm in his jacket pocket. The arrest of the defendant was, in all respects, proper and his motion to suppress the weapon was properly denied. Therefore, the defendant's assertion that the identifications by prospective witnesses should have been suppressed as the "fruit of the poisonous tree" is without merit. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.