■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN ALFORD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 29, 1987, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We agree with the hearing court that the defendant's initial detention was lawful and that his ensuing arrest was based on probable cause. The arresting officer received a radio transmission regarding a knifepoint robbery at an Exxon station involving three black males. Approximately 15 minutes after receiving the transmission, the officer observed, in the vicinity of the scene of the crime, 3 black males, 2 of whom wore clothing matching the description furnished in the transmission. When the officer called out to the defendant and his companions, requesting them to stop, they changed direction and increased their pace. The officer then ordered the suspects to stop. We find that the defendant's initial detention was supported by reasonable suspicion founded on articulable facts *(see,* CPL 140.50; *People v De Bour,* 40 NY2d 210; *People v Alleyne,* 136 AD2d 552, *lv denied* 71 NY2d 892; *People v Davis,* 123 AD2d 640, *lv denied* 69 NY2d 710). Moreover, once the officer observed a bulge in the defendant's pocket, he was justified in conducting a limited pat-down search to ascertain whether the defendant was armed with a weapon *(see, People v Spivey,* 46 NY2d 1014; *People v Rosa,* 138 AD2d 756, *lv denied* 72 NY2d 866). Probable cause to arrest the defendant existed upon the discovery of a knife in his pocket *(see,* CPL 140.10 [1] [b]; *People v De Bour, supra; People v Cantor,* 36 NY2d 106; *People v Ulmer,* 134 AD2d 634, *lv denied* 70 NY2d

1011). Accordingly, the officer was entitled to effectuate a warrantless arrest since he possessed reasonable cause to believe that defendant was one of the perpetrators of the robbery *(see,* CPL 140.10 [1] [b]). Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.