■ In the Matter of ANTHONY S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated March 21, 1990, which, upon a fact-finding order of the same court, dated January 25, 1990, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, adjudged him to be a person in need of supervision, and placed him on probation. The appeal brings up for review (1) the fact-finding order dated January 25, 1990, and (2) the denial, after a hearing, of those branches of the appellant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On the afternoon of December 12, 1989, several members of the Brooklyn Tactical Narcotics Team responded to the lobby of a Flushing Avenue apartment building to apprehend three individuals who were suspected of involvement in a drug sale. Upon arriving inside the building where the alleged drug sale had just taken place, the officers observed the appellant engaged in conversation with an individual who matched the description of one of the suspects. The appellant refused to tell the officers why he was in the lobby, but admitted, in response to further inquiry, that his home was a considerable distance away. At this point, the arresting officer, who testified that he was concerned for his safety, asked the appellant to remove his hands from his pockets. When the appellant complied, the arresting officer observed a "fist-sized" bulge in the appellant's left-hand pants pocket. Fearing that the object might be the butt of a small gun, the officer patted the appellant's pocket with the palm of his hand, and asked: "what is that?" The appellant responded that the bulge was "weed", and the officer then retrieved nine plastic bags filled with marihuana, and nine vials of crack-cocaine from the appellant's pocket.

Contrary to the appellant's contention, we find that the arresting officer acted reasonably in requesting him to remove his hands from his pockets as a precautionary measure for his

own safety *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Nelson,* 179 AD2d 784; *People v Oppedisano,* 176 AD2d 667; *People v Burgos,* 175 AD2d 211; *People v Nicolas,* 171 AD2d 817). Moreover, once the officer observed a bulge in the appellant's pocket, he was justified in conducting a limited pat-down search to ascertain whether the appellant was armed with a weapon *(see, People v Pagan,* 173 AD2d 744; *People v Booker,* 158 AD2d 700; *People v Alford,* 146 AD2d 635). The appellant's subsequent admission that the bulge in his pocket was "weed" provided probable cause for his arrest and the seizure of the controlled substances.

Finally, we find that the appellant's admission that he possessed "weed" was not made in response to custodial interrogation *(see, People v Huffman,* 41 NY2d 29; *People v Thomas,* 176 AD2d 539), and that the Family Court thus properly concluded that suppression of the statement was not required. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.