OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 In November 1998, appellant was charged in a juvenile delinquency petition with acts constituting the unauthorized use of a vehicle (Penal Law § 165.05 [1]) and false personation (Penal Law § 190.23). The unauthorized use of a vehicle charge was subsequently dismissed. The issue before us is whether Penal Law § 190.23 is void for vagueness.
 

 At the time of his arrest, appellant, then actually 14 years of age, gave a false name, age and address. He continued these assertions after being warned by a police officer that he would face additional charges if he gave false information.
 

 Penal Law § 190.23 states:
 

 “A
 
 person is guilty of false personation when after being informed of the consequences of such act, he or she knowingly misrepresents his or her actual name, date of birth or address to a police officer or peace officer with intent to prevent such police officer or peace officer from ascertaining such information.”
 

 The objective of the statute is to prevent the wasted time and effort spent searching for the real identity of persons who give
 
 *820
 
 false pedigree information to the police. Further, a warning is required to inform a prospective defendant that offering false pedigree information is a crime — a fact of which some people might not be aware. This encourages compliance with the statute. Appellant argues that the statute is unconstitutionally vague because it fails to spell out the meaning of the requirement that people be informed of the “consequences” of lying to the police.
 

 A statute is presumed valid, and one seeking to invalidate it has the burden of showing its unconstitutionality beyond a reasonable doubt
 
 (People v Foley,
 
 94 NY2d 668, 677,
 
 cert denied
 
 531 US 875;
 
 People v Bright,
 
 71 NY2d 376, 382;
 
 People v Tichenor,
 
 89 NY2d 769, 773). A statute is “unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement”
 
 (People v Foley,
 
 94 NY2d, at 681). Penal Law § 190.23 prohibits specific conduct, that is, giving a false name, age or address to a police officer. Thus, the statute makes a person aware of what conduct is prohibited. Moreover, the term “consequences” in the statute is not subject to arbitrary enforcement by a police officer. That term clearly means that, for the statute to apply, the officer must first inform the defendant that giving false pedigree information subjects a person to criminal liability. The term thus has a limited meaning and is not subject to arbitrary enforcement. In addition, appellant concedes that there was no constitutional requirement that a suspect giving false pedigree information must be warned of the penal consequences of doing so. Here, by informing appellant that an additional charge would be brought against him if he gave false information, the officer fulfilled the requirement of the statute.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, without costs, in a memorandum.