■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WINCHESTER, Appellant. [790 NYS2d 238]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 27, 2003 in Albany County, upon a

verdict convicting defendant of the crimes of assault in the second degree and resisting arrest.

Defendant was charged with and convicted of assault in the second degree and resisting arrest following an incident in which, after a crack pipe and box cutter were found in his pockets, defendant attempted to flee the scene on foot and then bit an officer who was struggling to subdue him. During the struggle, the crack pipe was lost and police failed to recover it. Supreme Court sentenced defendant, as a second felony offender, to an aggregate prison term of seven years, with five years of postrelease supervision. Defendant appeals, asserting that the People failed to present legally sufficient evidence at trial that he injured an officer while attempting to prevent that officer from performing a lawful duty, i.e., making an authorized arrest—an element of both of the charged crimes (*see* Penal Law § 120.05 [3] [lawful duty]; § 205.30 [authorized arrest]; *see generally People v Voliton*, 190 AD2d 764, 766 [1993], *affd* 83 NY2d 192 [1994])—because they did not establish probable cause for the arrest. Defendant further argues that Supreme Court erred in denying his motion to suppress evidence found on him and statements that he made because the police conduct, including the alleged lack of probable cause for an arrest, cannot be deemed reasonable under *People v De Bour* (40 NY2d 210, 223 [1976]). We disagree.

At the suppression hearing, Officer Kevin Quinlivan testified that he approached defendant after he saw him loitering in the same place four times over a three-hour period, late at night in a high-crime section of the City of Albany. Each time defendant saw Quinlivan's patrol car, he would walk away. Quinlivan asked defendant's name and requested that he remove his hand from his pocket for safety reasons. Although he initially complied, defendant repeatedly returned his hand to the pocket. Quinlivan asked if defendant had any weapons, to which defendant responded that he had a box cutter in his pocket. Quinlivan told defendant to put his hands on his head while he retrieved the box cutter, as well as a crack pipe. Defendant then admitted that he smoked crack, fled and was ultimately apprehended by Quinlivan and other assisting officers.

Under these circumstances, we conclude that the police conduct was reasonable at every point during the encounter. Defendant acknowledges that, crediting Quinlivan's testimony at the suppression hearing, there was an articulable basis to approach defendant and request information regarding his identity. Quinlivan's request that defendant remove his hand from his pocket was a de minimus intrusion and a reasonable

safety measure that did not require a founded suspicion (*see People v Oeller*, 191 AD2d 355, 356 [1993], *affd* 82 NY2d 774 [1993]; *Matter of Anthony S.*, 181 AD2d 682, 682-683 [1992], *lv denied* 80 NY2d 753 [1992]). Defendant's act of returning his hand to his pocket, coupled with his suspicious conduct and presence in a high-crime area late at night, provided Quinlivan with a common-law right of inquiry to ask whether defendant had any weapons (*see People v Alvarez*, 308 AD2d 184, 188 [2003], *lv denied* 3 NY3d 657 [2004]). Defendant's subsequent admission that he possessed the weapon provided Quinlivan with reasonable suspicion, justifying the search of defendant's pockets and, once Quinlivan found the crack pipe and defendant admitted that he smoked crack and fled, there was probable cause for an arrest (*see id.* at 188; *People v Oeller, supra* at 356).

We agree with defendant, however, that there was not legally sufficient evidence that the officer who he bit on the arm and leg suffered a "physical injury," an element of assault in the second degree (*see* Penal Law § 120.05 [3]; *see also* Penal Law § 10.00 [9]). Although the bite on the arm caused a break in the officer's skin, causing pain at the time of the incident—for which he was given pain medication when treated at the hospital—and tenderness for a couple days, the officer could not definitively recall taking the medication and the record indicates that approximately one hour after the incident, he told doctors that he was experiencing no pain. This evidence falls short of the objective level necessary to raise a question of fact for the jury to resolve (*see People v Thomas*, 274 AD2d 761, 761-762 [2000], *lv denied* 95 NY2d 939 [2000]; *cf. People v Hogencamp*, 300 AD2d 734, 735 [2002]). Accordingly, defendant's conviction of assault in the second degree must be reversed and the assault count of the indictment dismissed (*see People v Campbell*, 72 NY2d 602 [1988]). Defendant's remaining arguments are either rendered academic by our decision or otherwise meritless.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of assault in the second degree under count one of the indictment; said count dismissed; and, as so modified, affirmed. [As amended by unpublished order entered Mar. 24, 2005.]