■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ALSTON, Appellant. [860 NYS2d 404]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 22, 2004, convicting him of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rios, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that those branches of his omnibus motion which were to suppress physical evidence, identification testimony, and his statement to law enforcement officials should have been granted because he allegedly was subject to an unreasonable search and detention is without merit (*see People v Lynch,* 285 AD2d 518, 519 [2001], *cert denied*

535 US 1081 [2002]; *People v Sharpe,* 259 AD2d 639 [1999]; *People v Wilson,* 225 AD2d 568 [1996]; *People v Rowlett,* 193 AD2d 768 [1993]).

The defendant's contention that the showup identification procedures were unduly suggestive is unpreserved for appellate review (*see People v Crumble,* 43 AD3d 953 [2007], *lv denied* 10 NY3d 763 [2008]; *People v Zhang Wan,* 203 AD2d 499, 500 [1994]; *People v Burch,* 188 AD2d 479, 480 [1992]) and, in any event, is without merit (*see People v Duuvon,* 77 NY2d 541 [1991]; *People v Cruz,* 31 AD3d 660, 661 [2006]; *People v Smith,* 271 AD2d 332 [2000]; *People v Grassia,* 195 AD2d 607 [1993]; *People v Thompson,* 129 AD2d 655, 656 [1987]; *cf. People v Adams,* 53 NY2d 241, 248-249 [1981]).

The defendant's remaining contention is without merit. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.