■ The People of the State of New York, Respondent, v Yadev Bisnauth, Appellant. [975 NYS2d 678]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 30, 2004, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rios, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The defendant's contentions with respect to the denial of those branches of his omnibus motion which were to suppress

physical evidence and identification testimony are without merit (*see People v Narine*, 111 AD3d 853 [2013] [decided herewith]; *People v Alston*, 53 AD3d 585 [2008]; *People v Bennett*, 37 AD3d 483, 484 [2007]; *People v Nieves*, 26 AD3d 519 [2006]; *People v Day*, 8 AD3d 495, 496 [2004]; *People v Ulmer*, 134 AD2d 634, 635 [1987]; *People v Hampton*, 129 AD2d 736, 737 [1987]).

The defendant's contention that the evidence was not legally sufficient to establish his guilt of the crimes of which he was convicted is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]).

The defendant's claim that he was deprived of a fair trial by the prosecutor's summation is unpreserved for appellate review and, in any event, without merit (*see People v McDonald*, 82 AD3d 1125, 1126 [2011]; *People v McCall*, 80 AD3d 626, 628 [2011]; *People v Perez*, 77 AD3d 974 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.