### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: April 14, 2016         105744
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                            MEMORANDUM AND ORDER

BRADY D. MORRIS,
               Appellant.
_____

Calendar Date: February 19, 2016

Before: Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

     Allen E. Stone Jr., Vestal, for appellant.

     Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.

_____

Clark, J.

     Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 17, 2012, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

     At roughly 9:40 p.m. on June 24, 2012, a police officer observed defendant riding a bicycle on the sidewalk in the City of Elmira, Chemung County in violation of a city ordinance. The officer activated his vehicle's lights and repeatedly directed defendant to stop. Despite the officer's commands, defendant continued to ride the bicycle on the sidewalk while shouting obscenities at the officer and stating that the officer had no reason to stop him. The officer drove alongside defendant and ultimately pulled his vehicle into a parking lot in defendant's

path, causing defendant to fall off of the bicycle.  At some point as the officer exited his vehicle and approached defendant, defendant stood up, attempted to flee and informed the officer that he had a weapon.  During this chaotic exchange, the officer subdued defendant, asked him where the weapon was located, directed him not to move and retrieved the weapon from defendant's waistband.  Upon being questioned as to whether he had anything further on his person, defendant directed the officer to his coat pocket where he had a substance that was later identified as cocaine.  Defendant was ultimately indicted for criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree.

Defendant subsequently moved to suppress the physical evidence recovered from his person as the product of an illegal search and seizure.  Following a Mapp hearing, at which defendant presented no evidence, County Court denied the motion.  Defendant later pleaded guilty to attempted criminal possession of a weapon in the second degree, and County Court sentenced defendant, in accordance with the plea agreement, to a prison term of two years, followed by two years of postrelease supervision.  Defendant appeals, solely contesting County Court's denial of his suppression motion, a challenge which survives his guilty plea (see CPL 710.70 [2]).

We affirm.  A police officer may forcibly stop and detain an individual without a warrant if the officer has "a reasonable suspicion that the particular individual was involved in a felony or misdemeanor" (People v Moore, 6 NY3d 496, 499 [2006]; see People v Roque, 99 NY2d 50, 54 [2002]; People v De Bour, 40 NY2d 210, 223 [1976]).  Similarly, police pursuit is justified if the officer has a "reasonable suspicion that a crime has been, is being, or is about to be committed" (People v Holmes, 81 NY2d 1056, 1058 [1993]; see People v Woods, 98 NY2d 627, 628 [2002]; People v Morris, 105 AD3d 1075, 1077-1078 [2013], lv denied 22 NY3d 1042 [2013]).  Reasonable suspicion is "the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe [that] criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113 [1975]; accord People v Brannon, 16 NY3d 596, 601-602 [2011]).

Once a lawful stop has been effectuated, a police officer may conduct a protective frisk if he or she reasonably suspects that the suspect is armed and poses a threat to his or her safety (see People v Batista, 88 NY2d 650, 653-654 [1996]; People v De Bour, 40 NY2d at 223; People v Morrow, 97 AD3d 991, 992 [2012]).

Here, the police officer's undisputed testimony established that he witnessed defendant riding a bicycle on the sidewalk in violation of a city ordinance.[1] Having witnessed the violation, the officer had a reasonable suspicion that defendant may have engaged in criminal activity and was, therefore, justified in directing him to stop for the purpose of conducting a limited investigation and determining the appropriate penalty and, by the same token, pursuing him once he fled (see People v Sierra, 83 NY2d 928, 930 [1994]; People v Basono, 122 AD3d 553, 553 [2014], lv denied 25 NY3d 1069 [2015]; People v Simms, 25 AD3d 425, 425 [2006], lv denied 6 NY3d 838 [2006]).

As further established by the police officer's uncontradicted testimony, the ensuing pursuit culminated in defendant's forcible detention, an encounter that rapidly escalated as defendant ignored the officer's repeated commands to stop, continued his efforts to flee and announced that he had a gun. As these circumstances unfolded, the police officer quickly developed a reasonable suspicion that defendant was armed and justifiably conducted the search of defendant's waistband that resulted in the discovery of the firearm (see People v Williams, 25 AD3d 927, 929 [2006], lv denied 6 NY3d 840 [2006]; People v Winchester, 14 AD3d 939, 940-941 [2005], lv denied 5 NY3d 796 [2005]). The officer's subsequent search of defendant's coat pocket was also justified, given that the discovery of the firearm gave rise to probable cause for an arrest and that defendant answered in the affirmative when asked if he had

---

[1] The city ordinance at issue here provides that an individual's first two violations within a one-year period are "deemed a violation of law" punishable by a fine, while "each consecutive violation thereafter within the same one-year period" is deemed a misdemeanor punishable by a fine and/or a period of incarceration (Elmira City Code § 20-3 [b] [2] [c]).

anything else on his person and directed the police officer to the location of the illicit substance (see People v Winchester, 14 AD3d at 941).  As a final matter, we note that the manner and duration of the seizure, which lasted a matter of minutes and ended in a formal arrest, did not exceed the scope of a permissible investigatory stop (see People v Allen, 73 NY2d 378, 379-380 [1989]; People v Williams, 305 AD2d 804, 806-807 [2003]). In view of the foregoing, County Court did not err in denying defendant's motion to suppress.

Peters, P.J., Garry, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court