■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SMITH, Appellant. [58 NYS3d 221]—

Devine, J. Appeal from a judgment of the County Court of

---

Ulster County (Williams, J.), rendered July 14, 2015, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and false personation.

On April 18, 2014, three plainclothes police officers were in an unmarked car conducting surveillance of a high-crime area in the City of Kingston, Ulster County. They witnessed an apparent drug transaction between a known drug user and defendant that was aborted when the officers were spotted. Defendant was also observed to move his right hand up and seemingly slide his fingers underneath the cap that he was wearing as he walked away. The officers split up and made inquiries of both men, and defendant was placed under arrest when he gave inconsistent answers about his age and date of birth. The arresting officer patted down defendant and found a small baggie of crack cocaine under his cap. Defendant was transported back to the police station, where he was subjected to a strip search that resulted in the discovery of more baggies of crack cocaine. He was then Mirandized and underwent a videotaped interrogation.

Defendant was subsequently charged in an indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and false personation. Following a hearing, County Court denied defendant's request to suppress his statements and the physical evidence recovered. Defendant was found guilty as charged after a jury trial and County Court sentenced him, as a prior violent felony offender, to an aggregate prison term of 12 years to be followed by postrelease supervision of five years. Defendant appeals and we now affirm.

County Court did not abuse its discretion in denying defendant's suppression motion. County Court credited the suppression hearing testimony of Detective Eric Van Allen and Officer Richard Weaver, two of the officers whose surveillance led to defendant's arrest. Van Allen testified that the area under surveillance was known for narcotics activity and, as noted above, he observed a known drug user approach defendant with money. The two men abruptly parted ways after spotting the officers, at which point defendant reached under the brim of his cap. Van Allen relied upon his experience and training to conclude that he had just seen an attempted drug transaction, providing him with, at a minimum, a founded suspicion of criminality conferring a common-law right to inquire and seek explanation (see *People v Marshall*, 5 AD3d 42, 45-46 [2004], *lv*

*denied* 2 NY3d 802 [2004]; *People v Nichols*, 277 AD2d 715, 717 [2000]; *People v Alston*, 193 AD2d 883, 885 [1993], *lv denied* 82 NY2d 890 [1993]).

Weaver was directed to speak to defendant by Van Allen, and he appropriately did so by identifying himself as a police officer and telling defendant to stop because they "need[ed] to talk" (*see People v Reyes*, 83 NY2d 945, 946 [1994], *cert denied* 513 US 991 [1994]). Defendant proceeded to lie when asked for his name and date of birth, giving two different years of birth and then providing two ages that did not correspond with either birth year. The transparent lies about basic pedigree information, even after Weaver warned defendant of his obligation to be forthcoming, gave Weaver probable cause to arrest defendant on a charge of false personation (*see* Penal Law § 190.23; *People v Isidro*, 6 AD3d 1234, 1235 [2004], *lv denied* 3 NY3d 659 [2004]; *see also Matter of Travis S.*, 96 NY2d 818, 819-820 [2001]). Defendant's arrest was therefore lawful, and County Court did not abuse its discretion in denying his suppression motion.*

Turning to the trial itself, defendant argues that the People did not provide proof establishing that he had "[500] milligrams or more" of cocaine in his possession and, as such, that the conviction of criminal possession of a controlled substance in the fifth degree was not supported by legally sufficient evidence (Penal Law § 220.06 [5]). A forensic scientist testified to weighing the cocaine in the various baggies possessed by defendant and finding well over one gram of cocaine. She explained how she obtained pure cocaine to weigh by subjecting the material in the baggies to chemical analysis to determine what substances were present beyond cocaine and then removing the intermixed material by a separate process. Defendant speculates that other, unknown substances could have escaped detection and affected the measurements but, when viewed in the light most favorable to the People, the forensic testimony was legally sufficient to establish that he possessed over 500 milligrams of cocaine (*see People v Phillips*, 96 AD3d 1154, 1155 [2012], *lv denied* 19 NY3d 1000 [2012]; *People*

---

* It is hard to say whether defendant attacks the propriety of the strip search in his supplemental pro se brief, but the circumstances surrounding his arrest afforded "a reasonable and articulable factual basis" to justify it (*People v George*, 127 AD3d 1496, 1498-1499 [2015]; *see People v Hall*, 10 NY3d 303, 308-309 [2008], *cert denied* 555 US 938 [2008]). Likewise, to the extent that defendant challenges the voluntariness of his statements at the police station, there was no hint in the suppression hearing testimony that he was threatened or coerced to speak, and the interrogation video showed him being Mirandized before it began.

*v Jennings*, 39 AD3d 970, 973 [2007], *lv denied* 9 NY3d 845 [2007]).

Defendant was allowed to proceed pro se at trial after a searching inquiry by County Court and he questions the subsequent refusal of County Court to let him resume self-representation. County Court made that decision after defendant repeatedly directed defense counsel (who remained in the courtroom as standby counsel) to represent him only to state later that he was resuming self-representation, thereby creating confusion and delay. This behavior was consistent with defendant's overall behavior at trial, which was disorderly and aimed at improperly swaying the jury in his favor. County Court finally refused to allow defendant to resume self-representation, observing that he was engaging in intentionally disruptive "conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]; *accord People v Finkelstein*, 28 NY3d 345, 349 [2016]), and we cannot say that the trial court erred in doing so (*see People v Gilbo*, 52 AD3d 952, 954-955 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Cooks*, 28 AD3d 362, 363 [2006], *lv denied* 7 NY3d 787 [2006]).

Defendant was not, contrary to his further contention, deprived of the right to testify in his own defense. County Court sustained an objection to defense counsel's effort to elicit narrative testimony from defendant, prompting defendant to erupt with accusations that the trial court did not "want to hear [him] speak" or "want [the jury] . . . to hear the truth." Defendant had been engaging in disrespectful behavior throughout the trial despite warnings to stop and, at this point, County Court removed the jury, held defendant in contempt and warned him that he would be removed from the courtroom or gagged if he became disruptive again. Defendant shifted gears upon hearing this, claiming that he was afraid for his safety and did not want to testify at all. County Court reiterated that defendant remained free to testify if he wished and, in order to assuage defendant's alleged concerns, promised that he would only be removed, not gagged, if he became disruptive. Defendant refused to retake the stand, at which point the jury was brought back and instructed by County Court not to draw any inferences from defendant's newfound unwillingness to testify. County Court "did no more than advise [defendant] of possible consequences of which he was entitled to know before deciding to testify," in other words, and that advice did not constitute improper intimidation (*People v Lee*, 58 NY2d 773, 775 [1982]; *see People v Vanluvender*, 35 AD3d 238, 239 [2006], *lv denied* 8 NY3d 928 [2007]).

Defendant argues that the aggregate sentence was harsh and excessive but, in light of his extensive criminal history, we do not agree. To the extent that we are capable of discerning the remaining arguments advanced in defendant's supplemental pro se brief, we have examined them and found them to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.