Mulvey, J.
 

 Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered December 3, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
 

 Following a traffic stop of a vehicle in which defendant was a passenger at approximately 10:30 p.m. on June 18, 2014, defendant provided a false name and was arrested for false per-sonation. A search of defendant’s person after his arrest disclosed a quantity of cocaine and his parole identification card, and a computer search reflected that there was an outstanding bench warrant for his arrest. He was thereafter charged by indictment with criminal possession of a controlled substance in the third and fourth degrees. After a suppression hearing, defendant’s motion, as relevant here, to suppress the tangible evidence seized from his person was denied. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and was sentenced to the agreed-upon prison term of 4V2 years followed by three years of postrelease supervision. Defendant appeals, challenging only the denial of his motion to suppress the physical evidence.
 

 We affirm. Initially, while defendant signed a written waiver of appeal, he expressly reserved his right to appeal from the suppression ruling and, thus, he is entitled to raise that challenge (see People v Gonzalez, 97 AD3d 985, 985 [2012]). Addressing the merits, we give great weight to County Court’s credibility and factual determinations and find that the court did not err in denying defendant’s motion to suppress (see People v Wynn, 149 AD3d 1252, 1254 [2017], lv denied 29 NY3d 1136 [2017]). The court credited the testimony of a narcotics detective who, with others, had been conducting surveillance of a street he described as a “hotbed of narcotics activity.” The detective observed a series of vehicles drive up in front of one house; as each vehicle arrived, one of the men on the porch would walk over to the car, lean in the window and briefly interact with the driver, and the vehicle would then drive away. The detective opined, based upon his training and experience, that narcotics activity was occurring. He then observed the subject vehicle pull up and stop in front of the house, at which time a person later identified as defendant approached the vehicle, spoke with the passenger and entered the back seat of the vehicle, which then pulled out in a “hasty manner” without using a signal. The detective followed in his unmarked vehicle as the subject vehicle circled the block; the detective observed defendant lean into the front seat and interact with the front-seat passenger, and the detective then conducted a traffic stop. As the detective observed the driver commit a traffic violation (see Vehicle and Traffic Law § 1163), he was “authorized to stop the vehicle on that basis, regardless of any other underlying motivation” (People v Wynn, 149 AD3d at 1254; see People v Guthrie, 25 NY3d 130, 133 [2015]; People v Robinson, 97 NY2d 341, 349 [2001]).
 

 The detective then approached the vehicle, identified himself as a detective and, upon his request, the driver provided the requested documents. When asked, the driver indicated that they had “just gone and gotten some food,” which was inconsistent with the detective’s observations during surveillance, and that she was dropping a “friend” off, gesturing to defendant. Defendant was unable to provide any identification and gave a name and date of birth, but indicated that he did not know his Social Security number and became “extremely nervous.” When asked, the driver, who had represented that defendant was her friend, said that she did not know defendant’s real name and supplied only his street name. At this point, the detective asked the vehicle occupants to exit the vehicle and separated them for further inquiry. This request was permissible, as “a police officer may, as a precautionary measure and without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the car” (People v Garcia, 20 NY3d 317, 321 [2012]).
 

 Defendant again provided a name and date of birth, and the detective called a patrol vehicle to verify this information as he did not have access to an operable computer. The detective advised defendant that it was illegal to misrepresent his identity to police and observed that defendant was “extremely nervous,” “pulled to the back” of the vehicle and began moving about in an “erratic” manner. Perceiving that defendant had provided a false name and was a flight risk, the detective placed him in handcuffs. At the initial level of the police encounter, the detective was authorized to request basic information from defendant (see People v De Bour, 40 NY2d 210, 223 [1976]; see also People v Garcia, 20 NY3d at 322; People v Hollman, 79 NY2d 181, 184 [1992]). To that end, the encounter was brief—lasting just four to five minutes before defendant was handcuffed (a total of only eight minutes before his formal arrest)—the questions related to his identity and were not accusatory, and there is no suggestion of “harassment or intimidation” (People v Hollman, 79 NY2d at 189). As the traffic stop was “reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance,” defendant was not unlawfully detained (People v Banks, 85 NY2d 558, 562 [1995], cert denied 516 US 868 [1995]). As the inquiry of defendant progressed, the detective suggested that he did not believe that defendant had provided his true name and asked the others about defendant’s identity, which were more “pointed questions” that were permitted given that there was a “founded suspicion that criminal activity [was] afoot” (People v Hollman, 79 NY2d at 184-185; accord People v Garcia, 20 NY3d at 322; see People v Smith, 151 AD3d 1476, 1477 [2017], lv denied 30 NY3d 983 [Oct. 19, 2017]; People v Banks, 148 AD3d 1359, 1360-1362 [2017]). Further, the detective’s protective pat down for weapons (none were found) was justified given defendant’s extreme nervousness and erratic movements (see People v Batista, 88 NY2d 650, 653-654 [1996]; People v Morris, 138 AD3d 1239, 1240 [2016], lv denied 27 NY3d 1153 [2016]). The brief use of handcuffs prior to the arrest was also proper under the circumstances (see People v Foster, 85 NY2d 1012, 1014 [1995]; People v Allen, 73 NY2d 378, 379-380 [1989]; People v Arce, 150 AD3d 1403, 1405 [2017], lv denied 29 NY3d 1090 [2017]).
 

 After defendant was handcuffed, the detective was informed that the other occupants admitted to the other detectives at the scene that they did not know defendant and had picked him up around the corner. Contrary to defendant’s claim, County Court correctly held that, considering all of the circumstances, the detective had probable cause to arrest defendant for false personation (see People v Smith, 151 AD3d at 1478; People v Isidro, 6 AD3d 1234, 1235 [2004], lv denied 3 NY3d 659 [2004]; see also Matter of Travis S., 96 NY2d 818, 819-820 [2001]; People v Ligon, 66 AD3d 516, 517 [2009], lv denied 14 NY3d 889 [2010]).
 
 *
 
 The factors supporting that conclusion include the surveillance observations consistent with illegal drug activity, defendant’s entry from that location into a vehicle that drove around the block while he interacted with the driver, the driver’s false responses to police and defendant’s extreme nervousness, evasiveness and inability to produce identification. This information combined to justify a “reasonable belief” that defendant was providing a false name to prevent police from ascertaining his true identity and to evade the outstanding warrant (People v Bigelow, 66 NY2d 417, 423 [1985]). Notably, “[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed” (id. at 423; accord People v Guthrie, 25 NY3d at 133; People v Fenger, 68 AD3d 1441, 1442 [2009]; see CPL 140.10). As the arrest was lawful, the search incident to that arrest was lawful (see People v More, 97 NY2d 209, 212-213 [2002]; People v Gresham, 151 AD3d 1175, 1177 [2017]; People v Cruz, 131 AD3d 724, 725-726 [2015], lv denied 26 NY3d 1087 [2015]). Thus, County Court properly denied the motion to suppress the cocaine.
 

 Garry, J.P., Egan Jr., Rose and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 “A person is guilty of false personation when after being informed of the consequences of such act, he or she knowingly misrepresents his or her actual name, date of birth or address to a police officer or peace officer with intent to prevent such police officer or peace officer from ascertaining such information” (Penal Law § 190.23).