People v Watford (2022 NY Slip Op 06836)

People v Watford

2022 NY Slip Op 06836

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

112185
[*1]The People of the State of New York, Respondent,
v
Letroy Watford, Appellant.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Robert N. Gregor, Lake George, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Nichole M. Sands of counsel), for respondent.

Lynch, J.P.
Appeal from a judgment of the County Court of Clinton County (Timothy J. Lawliss, J.), rendered July 24, 2019, convicting defendant following a nonjury trial of the crimes of criminal possession of a controlled substance in the third degree (two counts), tampering with physical evidence and unlawful possession of marihuana.
In January 2019, as part of a drug task force operation, a State Police investigator observed defendant cautiously exit a bus looking in both directions before stepping out into a parking lot with no luggage and enter the passenger side of an empty vehicle parked nearby. Upon running the vehicle's license plate (see People v Bushey, 29 NY3d 158, 163 [2017]), the investigator discovered that it was registered to an individual connected to an ongoing narcotics investigation. Minutes later, an individual got into the driver's side of the vehicle, and the vehicle drove away. By then, the investigator had conveyed his observations and the vehicle information to nearby officers tasked to the operation. Among them was a state trooper who briefly pursued the vehicle, which was travelling faster than the posted speed limit, thereby providing probable cause for a traffic stop (see People v Blandford, 190 AD3d 1033, 1035 [3d Dept 2021], affd 37 NY3d 1062 [2021], cert denied ___ US ___, 142 S Ct 1382 [2022]).
After stopping the vehicle, the trooper approached the passenger side and, during the ensuing conversation through the open window, detected the odor of unburnt marihuana. Upon the trooper's request, defendant exited the vehicle and, when the trooper asked him if he had anything on him, defendant admitted that he possessed a marihuana blunt and produced same. The trooper pat frisked defendant, who then attempted to flee on foot only to be apprehended moments later. While in the back of a patrol car following his arrest, defendant was observed throwing a small bag of cocaine out the window, some of which spilled on him and the seat.
Defendant was charged by indictment with two counts of criminal possession of a controlled substance in the third degree, tampering with physical evidence, resisting arrest, unlawful possession of marihuana and conspiracy in the fourth degree. Defendant moved to suppress all of the evidence and statements collected against him, asserting that his questioning and pat frisk outside of the vehicle violated his constitutional right against unlawful searches and seizures. A pretrial hearing ensued, during which the investigator and trooper testified to the above facts. County Court denied defendant's motion, holding, as relevant here, that the trooper validly asked defendant to exit the vehicle and converse with him.
Following a bench trial, defendant was convicted of two counts of criminal possession of a controlled substance in the third degree, tampering with physical evidence and unlawful possession of marihuana (see Penal Law §§ 220.16 [1], [12]; 215.40 [2]; former 221.05). County Court sentenced defendant[*2], as a second felony offender, to concurrent prison terms of eight years followed by three years of postrelease supervision for his criminal possession of a controlled substance convictions, and to a consecutive prison term of 1½ to 3 years for his tampering with physical evidence conviction; for his unlawful possession of marihuana conviction, defendant received an unconditional discharge. Defendant appeals, contending only that the trooper unlawfully asked him to exit the vehicle during the stop, requiring suppression of all evidence and statements flowing from that request.[FN1] We disagree, and therefore affirm.
Having effected a lawful stop of the vehicle (compare People v Hinshaw, 35 NY3d 427, 439 [2020]), the trooper was authorized "as a precautionary measure and without particularized suspicion" to order defendant to step out (People v Garcia, 20 NY3d 317, 321 [2012]; see People v Robinson, 74 NY2d 773, 775 [1989], cert denied 493 US 966 [1989]; People v Gabriel, 155 AD3d 1438, 1441 [3d Dept 2017], lv denied 31 NY3d 1081 [2018]; People v Ross, 106 AD3d 1194, 1196 [3d Dept 2013], lv denied 22 NY3d 1090 [2014]). Defendant points out that the trooper did not indicate that his request for defendant to exit the vehicle was precautionary. Indeed, the trooper testified that his request stemmed from smelling the odor of marihuana and observing defendant's nervous behavior inside the vehicle, in particular, that defendant and the driver were shaking and whispering to each other. The Fourth Amendment inquiry centers on the reasonableness of the officer's actions in view of the circumstances (see People v Kalabakas, 183 AD3d 1133, 1138 [3d Dept 2020], lv denied 35 NY3d 1067 [2020]; People v Hines, 172 AD3d 1649, 1652 [3d Dept 2019], lv denied 34 NY3d 951 [2019]). Applying this principle, the trooper's request was a reasonable precaution given the information known to the trooper at the time of the stop, the odor of marihuana and defendant's "extremely nervous" demeanor during the encounter (see People v Martin, 156 AD3d 956, 957 [3d Dept 2017], lv denied 31 NY3d 985 [2018]). We further note that at the time of the traffic stop, the underlying facts also provided probable cause for the trooper to search defendant (see People v Sostre, 172 AD3d 1623, 1624 [3d Dept 2019], lv denied 34 NY3d 938 [2019]; People v Dolan, 165 AD3d 1499, 1500 [3d Dept 2018]).[FN2]
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although not specifically raised prior to this appeal, County Court's express decision on this issue preserved it for our review (see People v Prado, 4 NY3d 725, 726 [2004]). Defendant advanced other Fourth Amendment claims in his omnibus motion and during the pretrial hearing, including a challenge to the trooper's pat frisk (see People v Carey, 163 AD3d 1289, 1290-1291 [3d Dept 2018], lv denied 32 NY3d 1124 [2018]). Defendant did not raise those issues in his appellate brief, and they are therefore deemed abandoned (see People v Parks, 180 AD3d 1109, 1110 n [3d Dept 2020]; People v Kirkley, 172 AD3d 1541, 1542 n 1 [2019], lv denied 33 NY3d 1106 [2019]).

Footnote 2: Although not applicable to this case, the Marihuana Regulation and Taxation Act was signed into law on March 31, 2021 (L 2021, ch 92; see People v Boyd, 206 AD3d 1350, 1354 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). Under this legislation, "the odor of cannabis" no longer provides reasonable cause to believe that a crime has been committed (Penal Law § 222.05 [3] [a]; see L 2021, ch 92, § 16).